UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-50111-JLV |
| | ) | |
| Plaintiff, | ) | ORDER OVERRULING |
| | ) | DEFENDANT'S |
| vs. | ) | OBJECTIONS AND |
| | ) | ADOPTING REPORT AND |
| GEORGE AMERICAN HORSE, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant George American Horse filed two motions to suppress his statements given to law enforcement on June 21, 2012, and on August 13, 2012. (Dockets 36 & 51). Pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's scheduling and case management order (Docket 9), Magistrate Judge Veronica L. Duffy held a hearing on defendant's motions on May 10, 2013. (Docket 69). On May 15, 2013, Magistrate Judge Duffy issued a report and recommendation. (Docket 74). The magistrate judge recommended denying the motions to suppress in their entirety. Id. Defendant timely filed objections to the report and recommendation. (Docket 75). The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation concerning a motion to suppress in a criminal case, the

court is required to " 'make a de novo review determination of those portions of the record or specified proposed findings to which objection is made.' " United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court finds the magistrate judge's report and recommendation to be an appropriate application of the law to the facts presented by the parties at the suppression hearing. See United States v. Newton, 259 F.3d 964, 966 (8th Cir. 2001). For the reasons stated below, defendant's objections are overruled and the report and recommendation of the magistrate judge is adopted in its entirety.

## DISCUSSION

**A.     MAGISTRATE JUDGE'S FINDINGS OF FACT**

Mr. American Horse does not object to the magistrate judge's findings of fact. (Docket 75). The magistrate judge's findings of fact are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C).

**B.     MAGISTRATE JUDGE'S CONCLUSIONS OF LAW**

Mr. American Horse's objections to the magistrate judge's conclusions of law and recommendations are summarized as follows:

A. June 21, 2012, Statement[1]

    1. <u>Miranda</u>[2] rights were required as Mr. American Horse was in custody; and

    2. The statement given by Mr. American Horse was not voluntary.

B. August 12, 2013, Statement[3]

    1. The <u>Miranda</u> rights advisement given was neither complete nor accurate; and

    2. The statement given by Mr. American Horse was not voluntary.

(Docket 75). Each of these objections will be addressed separately.

Because defendant did not object to the magistrate judge's findings of fact, those facts will not be restated and are incorporated by reference. Defendant's arguments in support of his objections to the magistrate judge's conclusions of law and recommendations are the same arguments

---

[1] There was an oral unrecorded statement, a written statement, and an oral recorded statement obtained from Mr. American Horse on this date. See Exhibits 1 & 2 of the suppression hearing. All three statements will be jointly referred to as the "statement" as there is no difference in the application of the law to any statement made by the defendant.

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

[3] There was an oral unrecorded statement obtained from Mr. American Horse while in transit from Rushville, Nebraska, to Rapid City, South Dakota, and a farm site visit in which Mr. American Horse pointed out various buildings, the location of the alleged sexual abuse and other matters. Again, the interaction between Mr. American Horse and law enforcement on this date will be referred to as the "statement" as there is no difference in the application of the law to any statement made by the defendant that day.

made to the magistrate judge before issuance of the report and recommendation.  See Docket 52.

**June 21, 2012, Statement**

**1.  Miranda rights were required as Mr. American Horse was in custody**

The magistrate judge properly identified the law applicable to an interview conducted by law enforcement officers occurring in a law enforcement vehicle and properly applied the law to the facts developed during the suppression hearing.  Mr. American Horse identifies no error in the case authority cited by the magistrate judge and offers no legal authority which contradicts the legal rationale employed by the magistrate judge.

The court finds Mr. American Horse was not in custody at the time of the interview by Federal Bureau of Investigation ("FBI") Special Agent George Dobberstein and FBI Agent James Michael Bass in an unmarked, white sports utility vehicle on June 21, 2012.  Considering all six of the factors under the totality of the circumstances test, the court finds Mr. American Horse would not have perceived, and did not perceive, himself to be in custody or otherwise deprived of his freedom of movement.  See Docket 74 at p. 22 (citing United States v. Flores-Sandoval, 474 F.3d 1142, 1146-47 (8th Cir. 2007).  See also Thompson v. Keohane, 516 U.S. 99, 112 (1995) ("Two discrete inquiries are essential to the [in custody] determination: first, what were the circumstances surrounding the

4

interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave."); United States v. Carter, 884 F.2d 368, 371 (8th Cir. 1989) ("The place where an interrogation takes place does not conclusively establish the presence or absence of custody. . . . Determining if there has been a deprivation of freedom entails something more than simply identifying the place of interrogation.") (internal citation omitted).  At no time did either FBI agent restrict Mr. American Horse's movement and there is no suggestion of coercion or pressure being placed upon him at any time during the interview.  Mr. American Horse was not in custody and law enforcement was not obligated to advise him of his Miranda rights.

Defendant's objection to the report and recommendation on this basis is overruled.

### 2. The statement given by Mr. American Horse was not voluntary

Mr. American Horse claims the statement given on June 21, 2012, was not a voluntary statement.  (Docket 75 at p. 3).  Because Mr. American Horse did not object to the magistrate judge's findings of fact, the relevant facts considered by the magistrate judge need not be restated and are incorporated by reference.  See Docket 74 at pp. 2-10 and 13-18.

Mr. American Horse testified, as did Agents Dobberstein and Bass, at the suppression hearing.  The court listened to Mr. American Horse's

5

testimony at the suppression hearing on FTR and to the six-minute audio tape of Mr. American Horse's June 21, 2012, statement. (Exhibit 2 of the suppression hearing). The court agrees with the magistrate judge's conclusion that Mr. American Horse's testimony at the suppression hearing was not credible. See Docket 74 at pp. 16-18. The court finds from the audio recording Mr. American Horse was articulate, intelligent, and a willing participant in the interview process. He was comfortable with the content of the questions asked and gave clear and appropriate answers.

The magistrate judge properly identified the law applicable to the voluntariness of an interview conducted by law enforcement officers and properly applied the law to the facts developed during the suppression hearing. Mr. American Horse identifies no error in the case authority cited by the magistrate judge and offers no legal authority which contradicts the legal rationale employed.

The court further finds from the totality of the circumstances the statement given by Mr. American Horse on June 21, 2012, was voluntary and his free will was not overborne by law enforcement or the interview methods they employed.

Defendant's objection to the report and recommendation on this basis is overruled.

### B. August 12, 2013, Statement

#### 1. The Miranda rights advisement given was neither complete nor accurate

While Mr. American Horse argues the advisement of Miranda rights associated with this statement was "incomplete because it lacks any type of context" (Docket 75 at p. 4), the undisputed evidence at the suppression hearing disclosed otherwise. See Docket 74 at pp. 10-13. The magistrate judge fully described the factual context in which the FBI agents advised Mr. American Horse of his Miranda rights. Id.; see also Exhibit 3 of the suppression hearing. Exhibit 3 discloses Mr. American Horse initialed each of the Miranda rights after he read them to himself. There is no credible evidence that Mr. American Horse was not given this advisement of his Miranda rights or that he did not understand the purpose and impact of a waiver of those rights.

The magistrate judge properly identified the law applicable to a custodial interview by law enforcement officers and the advisement of the Miranda rights as developed during the suppression hearing. Mr. American Horse identifies no error in the case authority cited by the magistrate judge and offers no legal authority which contradicts the legal rationale employed. The court finds Mr. American Horse was given correct and complete Miranda warnings before the commencement of the interview that day.

Defendant's objection to the report and recommendation on this basis is overruled.

### 2. The statement given by Mr. American Horse was not voluntary

Although there was no audio recording of the August 13 interview or a video recording of the farm visit which occurred that day, the undisputed facts support the conclusion Mr. American Horse's waiver of his Miranda rights was voluntary, knowing, and intelligent. (Docket 74 at pp. 10-18).

The magistrate judge properly identified the law applicable to the voluntariness of a custodial interview conducted by law enforcement officers and properly applied the law to the facts developed during the suppression hearing. Mr. American Horse identifies no error in the case authority cited by the magistrate judge and offers no legal authority which contradicts the legal rationale employed.

Mr. American Horse's responses to the FBI agents' questions were not obtained in violation of his Fifth Amendment privilege against self-incrimination. Colorado v. Spring, 479 U.S. 564, 574 (1987).

Defendant's objection to the report and recommendation on this basis is overruled.

**ORDER**

Based on above analysis, it is hereby

ORDERED that defendant's objections to the report and recommendation (Docket 75) are overruled.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Veronica L. Duffy (Docket 74) is adopted by the court.

IT IS FURTHER ORDERED that defendant American Horse's motions to suppress the statements of June 21, 2012, and August 12, 2012 (Dockets 36 & 51), are denied.

Dated June 4, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE